# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: <br>     Lauren N. Planz, <br><br>     *Debtor*. <br><br> Lauren N. Planz, <br><br>     *Plaintiff*, <br><br> v. <br><br> Afterpay US, Inc., <br><br>     *Defendant*. | Case No: 20-31602 <br> Chapter: 13 <br><br><br><br><br> AP No: 20-_____ |

## COMPLAINT

**COMES NOW** Plaintiff, Lauren N. Planz, by and through Anthony B. Bush, Special Counsel and Of Counsel with Brock & Stout, LLC, and presents this complaint for damages and injunctive relief against Defendant, Afterpay US, Inc., and alleges as follows:

## INTRODUCTION

1. Plaintiff initiates this *Complaint* because of Defendant's intentional and willful violations of the automatic stay afforded by 11 U.S.C. § 362(a), and additionally, for an injunction requiring that Defendant cease further post-petition electronic debits and return all post-petition debited money to Plaintiff.

2. As discussed more fully below, Plaintiff attempted to avoid further electronic debits by calling and advising Defendant of the bankruptcy case soon after the case was filed and prior to any post-petition electronic debit, which verbal notice was in addition to the notices provided by

1

the Bankruptcy Noticing Center. Notwithstanding these notices, Defendant debited Plaintiff's bank account. Thereafter, Plaintiff's bankruptcy counsel called Defendant, advised of the bankruptcy case and all relevant information, demanded that all further debits cease, and demanded that the post-petition debited funds be returned promptly, and followed the conversation with a confirmation letter to Defendant's legal department. However, despite the efforts of Plaintiff and her bankruptcy counsel, Defendant has failed and refused to return to Plaintiff the funds debited post-petition from her account.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and the District Court's *Order of Reference* dated April 25, 1985, this Honorable Court has jurisdiction of the claims within this adversary proceeding. Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

4. This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b) and 1409. To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to the entry of final orders by this Honorable Court.

## PARTIES

5. Plaintiff, Lauren N. Planz, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States Bankruptcy Court for the Middle District of Alabama, and is a debtor in the underlying bankruptcy case.

6. Defendant, Afterpay US, Inc., is an entity incorporated in the State of Delaware, has a registered agent at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, and is a creditor in the underlying bankruptcy case.

## FACTUAL ALLEGATIONS

7. On July 17, 2020, Plaintiff filed a *Voluntary Petition* and accompanying schedules (collectively, the "Petition") under Chapter 13, Title 11, of the United States Code, with the same being filed in the United States Bankruptcy Court for the Middle District of Alabama and bearing bankruptcy case number 20-31602 ("Bankruptcy Case").

8. At the time the Petition was filed, Plaintiff was indebted to Defendant as the result of a debt related to purchase made via the internet; accordingly, within *Schedule E/F* of the Petition, Plaintiff identified Defendant as the holder of a claim in the amount of $80.00.

9. The Bankruptcy Noticing Center's ("BNC") *Certificates of Notice* for the *Notice of Chapter 13 Bankruptcy Case* and the *Chapter 13 Plan* reflect that these documents were provided to Defendant via first-class mail on July 22, 2020.

10. On or around July 24, 2020, Plaintiff called Defendant, advised of the bankruptcy case, and requested that Defendant cease further electronic debits against Plaintiff's bank account. Plaintiff undertook this additional effort to avoid further debits based upon her need for these funds. Plaintiff's contact with Defendant is memorialized within an email from Defendant. Ex. A.

11. Notwithstanding the aforesaid notices, both written from the Bankruptcy Noticing Center and verbal from Plaintiff, Defendant has engaged and continues to engage in collection activities that are enjoined and prohibited by the automatic stay.

12. On August 9, 2020, Defendant electronically debited the aggregate sum of $75.40 (two debits of $37.70 each) from Plaintiff's bank account. Ex. B.

13. On August 10, 2020, Plaintiff again reached out to Defendant, advised of the bankruptcy case and all relevant information, demanded that Defendant cease further electronic debits, and

3

demanded that Defendant return all post-petition debited money. Plaintiff's contact with Defendant is memorialized within an email from Defendant. Ex. C.

14. On August 26, 2020, Plaintiff's bankruptcy counsel, through a legal assistant, called Defendant, spoke to a representative within its legal department, advised of the bankruptcy case, and requested that Defendant cease all post-petition debits and return of all post-petition debited money. Ex. D.

15. During the aforesaid call, Plaintiff's bankruptcy counsel, through a legal assistant, obtained the mailing address to Defendant's legal department and confirmed the conversation with a letter. The letter reiterates the information relevant to the bankruptcy case and makes further demand that Defendant cease further debits and return all post-petition debited funds. Ex. D.

16. The aforesaid letter demands that Defendant return all post-petition debited money within ten (10) days; however, as of the date of the filing of this *Complaint*, Defendant has failed and refused to return the money to Plaintiff.

17. Plaintiff and her bankruptcy counsel have tried to resolve this situation without litigation; however, Defendant has failed and refused to respond or return the post-petition debited money.

18. Plaintiff is left with no recourse other than to seek this Honorable Court's intervention.

19. Plaintiff, like all Chapter 13 debtors, lives within the constraints of a limited budget and the aforesaid post-petition debits interfered with and negatively impacted her budget.

20. Defendant's violations of the automatic stay are and were intentional and willful in that Defendant committed such acts after notice of the Bankruptcy Case; because of Defendant's intentional and willful violations of the automatic stay, Plaintiff has been forced to retain counsel in this matter.

21. Defendant's conduct, in its entirety, rises to the level of willfulness and has interfered with the purposes of the Bankruptcy Code.

22. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT I
## WILLFUL VIOLATIONS OF 11 U.S.C. §§ 362(a)(3) and (6)

23. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

24. Defendant violated 11 U.S.C. §§ 362(a)(3) and (6) as more so identified herein above.[1] Defendant's acts include debiting money from Plaintiff's account post-petition and retaining the debited funds, despite multiple notices of the bankruptcy case and demands for return of these funds.

25. Defendant's acts or omissions to act, as described herein above, which Defendant undertook with knowledge of the Bankruptcy Case, constitute intentional and willful violations of the automatic stay.

26. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and

---

[1] **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
> …
> **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> …
> **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
> …

*See* 11 U.S.C. § 362(a).

5

injured in that she has suffered anger, anxiety, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## PRAYER FOR RELIEF

**WHEREFORE, the premises considered**, Plaintiff respectfully moves this Honorable Court for an Order, *inter alia*:

a. declaring that Defendant has willfully violated the aforementioned automatic stay provision(s) of 11 U.S.C. § 362(a);

b. awarding to Plaintiff and against Defendant actual, compensatory and punitive damages for Defendant's violations of the aforesaid automatic stay provisions of 11 U.S.C. § 362(a), pursuant to 11 U.S.C. § 362(k);

c. awarding to Plaintiff and against Defendant the fees, costs and expenses of this litigation, pursuant to 11 U.S.C. § 362(k); and

d. awarding such other and further relief as this Honorable Court deems just and appropriate, including the equitable relief requested herein.

**RESPECTFULLY SUBMITTED** this the September 16, 2020.

/s/ Anthony B. Bush
Anthony B. Bush (ASB-7306-A54B)
Attorney for Plaintiff/Debtor

**OF COUNSEL TO BROCK & STOUT, LLC:**
Anthony B. Bush, Special Counsel
Parliament Place Professional Center
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone:       (334) 263-7733
Facsimile:   (334) 832-4390
E-mail:      anthonybbush@yahoo.com
             abush@bushlegalfirm.com

<u>SERVICE ADDRESS:</u>

Afterpay US, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

7

Case 20-03038    Doc 1    Filed 09/16/20    Entered 09/16/20 11:39:19    Desc Main
Document    Page 7 of 7