# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

In re:

**Lauren N. Planz,**
        *Debtor*,

_____

**Lauren N. Planz,**

    *Plaintiff*,

v.

**Afterpay US, Inc.,**

    *Defendant*.

_____

**Chapter 13**

**Case No.: 20-31602**

**Adversary Proc. No.: 20-03038**

## DEFENDANT AFTERPAY US, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Afterpay US, Inc. ("Afterpay" or "Defendant"), by and through undersigned counsel, and files its answer and affirmative defenses to Plaintiff Lauren N. Planz's ("Plaintiff" or "Debtor") Complaint as follows:

1. Defendant admits Plaintiff initiates this Complaint for the reasons and seeking the relief alleged in Paragraph 1. Defendant denies any intentional or willful violation of 11 U.S.C. § 362(a) or for the need for the requested injunction.

2. Defendant denies Paragraph 2 accurately or completely reflects the call(s) between Plaintiff and Defendant. Defendant denies receiving notice from the Bankruptcy Noticing Center. Defendant further denies receiving a call or letter from Plaintiff's bankruptcy counsel.

### JURISDICTION AND VENUE

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 3; therefore, it denies the same.

{W0672754.1}        **Defendant's Answer**
Page **1** of **6**
Case 20-03038   Doc 13   Filed 11/18/20   Entered 11/18/20 16:58:04   Desc Main
Document   Page 1 of 6

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 4; therefore, it denies the same.

## PARTIES

5. Defendant admits Plaintiff is a natural person and further admits Plaintiff is a debtor in the underlying bankruptcy case. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 5; therefore, it denies.

6. Defendant admits Paragraph 6.

## FACTUAL ALLEGATIONS

7. Defendant asserts that the bankruptcy docket speaks for itself.

8. Defendant admits Plaintiff incurred a debt with Defendant prior to July 17, 2020. Defendant asserts that Schedules E/F of the Petition speaks for themselves. Defendant denies its address is listed accurately on Schedules E/F of the Petition.

9. Defendant asserts that the certificates of notices specified in Paragraph 9 speak for themselves. Defendant denies it received any notices of Plaintiff's bankruptcy or Chapter 13 plan via the Bankruptcy Noticing Center. Defendant denies its address listed on these certificates of notices were accurate. Defendant further denies Paragraph 9 to the extent it implies Defendant had notice of Plaintiff's bankruptcy.

10. Defendant denies the first sentence of Paragraph 10 is a complete and accurate representation of the call on or around July 24, 2020. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 10; therefore, it denies the same.

11. Defendant denies Paragraph 11.

12. Defendant admits funds were debited on a date agreed upon by Plaintiff.

13. Defendant denies the first sentence of Paragraph 13 is a complete and accurate representation of the call on or around August 10, 2020. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 13; therefore, it denies the same.

14. Defendant denies receiving the call alleged in Paragraph 14. Defendant further denies speaking with Plaintiff's bankruptcy counsel on August 26, 2020.

15. Defendant lacks knowledge or information sufficient to form a belief about how Plaintiff's bankruptcy counsel obtained the mailing address to Defendant's legal department. Defendant denies it received the letter alleged in Paragraph 15 as its physical offices were closed in early March 2020 due to COVID-19 and had been closed since then.

16. Defendant asserts the letter speaks for itself. Defendant denies Paragraph 16 to the extent it implies Defendant had notice of the contents of the letter.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff and her bankruptcy counsel's alleged efforts; therefore, it denies the same. Defendant denies the remainder of Paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 18; therefore, it denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 19; therefore, it denies the same.

20. Defendant denies Paragraph 20.

21. Defendant denies Paragraph 21.

22. Defendant denies Paragraph 22.

## COUNT I

23. Defendant adopts and realleges its responses in the foregoing paragraphs.

24. Defendant denies Paragraph 24. Defendant further denies footnote 1 of Paragraph 24 is a complete and accurate statement of the law.

25. Defendant denies Paragraph 25.

26. Defendant denies Paragraph 26.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant admits Plaintiff seeks a judgment against Defendant. Defendant denies Plaintiff is entitled to any such judgment and relief sought in his prayer.

## AFFIRMATIVE DEFENSES

27. Any violation, if it occurred, was neither intentional nor willful.

28. Any violation, if it occurred, was the result of inadvertent failure notwithstanding the reasonable training and established policies in place to prevent such violation.

29. Plaintiff has not suffered a concrete, injury-in-fact.

30. Plaintiff's claims are, or may be, barred because Plaintiff did not sustain any damages as a proximate result of any wrongdoing by Defendant.

31. Defendant acted at all times in good faith reliance on the information provided to it.

32. Defendant has, at all material times with respect to Plaintiff, acted in good faith, without malice or willfulness, and in an effort to comply fully with all relevant laws.

33. Plaintiff is not entitled to punitive damages.

34. Plaintiff's claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise.

35. Plaintiff's claims are, or may be, barred because Plaintiff has failed properly to

mitigate her damages.

36. Plaintiff's claims are, or may be, barred because Plaintiff lacks standing or capacity to bring this action and/or is not the real party in interest.

37. Defendant pleads lack of proper notice of Plaintiff's bankruptcy proceeding and the automatic stay.

38. Defendant reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, or other applicable law, as may be discovered during the course of additional discovery and investigation.

Considering the above, Defendant Afterpay US, Inc. requests that the Court dismiss Plaintiff's Complaint in its entirety.

Dated: November 18, 2020                     Respectfully submitted,

                                                     /s/ L. Jackson Young, Jr.
                                                   L. Jackson Young, Jr. (ASB-7946-G65L)
                                                   *Attorney for Defendant Afterpay US Inc.*

**OF COUNSEL:**
MOORE YOUNG FOSTER & HAZELTON, LLP
1122 Edenton Street
Birmingham, Alabama 35242
Telephone: (205) 879-8722
Telecopier: (205) 879-8831
Email: jyoung@my-defense.com

### CERTIFICATE OF SERVICE

       This is to certify that on November 18, 2020, a true and correct copy of the foregoing document was served on the following counsel of record via CM/ECF:

      Anthony B. Bush, Esq.
      Brock & Stout, LLC
      Parliament Place Professional Center
      3198 Parliament Circle 302
      Montgomery, Alabama 36116
      abush@bushlegalfirm.com
      anthonybbush@yahoo.com

                                                   */s/* L. Jackson Young, Jr.
                                                   Of Counsel